Filed 7/26/13  In re Timothy F. CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

In re TIMOTHY F., a Person Coming Under the Juvenile Court Law.

---

THE PEOPLE,

  Plaintiff and Respondent,

  v.

TIMOTHY F.,

  Defendant and Appellant.

F066767

(Super. Ct. No. JW129623-01)

**OPINION**

-ooOoo-

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Kern County.  William D. Palmer, Judge.

Randall Conner, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]    Before Kane, Acting P.J., Detjen, J., and Peña, J.

It was alleged in a juvenile wardship petition filed November 29, 2012, that appellant, Timothy F., a minor, committed a violation of Penal Code section 148, subdivision (a)(1) (resisting, delaying or obstructing a peace officer). On January 14, 2013, following a contested jurisdiction hearing, the juvenile court found the allegation of the petition to be true. The court also found that appellant had violated probation granted in a previous case in which appellant had been granted deferred entry of judgment.

At the disposition hearing on January 29, 2013, in the instant case, the juvenile court adjudged appellant a ward of the court and placed him on probation with various terms and conditions, including that he perform 64 hours of service in the juvenile court work program. In the prior case, the court continued appellant on probation under the deferred entry of judgment program.

Appellant's appointed appellate counsel has filed an opening brief which summarizes the pertinent facts, with citations to the record, raises no issues, and asks that this court independently review the record. (*People v. Wende* (1979) 25 Cal.3d 436.) Appellant has not responded to this court's invitation to submit additional briefing. We affirm.

## FACTS

*Prosecution Case*

At approximately 1:45 p.m. on November 21, 2012, Bakersfield Police Officers Karl Martin[1] and Kelly Williams were dressed in "civilian attire," sitting in a parked, unmarked police car conducting surveillance, when appellant and Brenden R. (Brenden)[2]

---

[1]     The "Prosecution Case" portion of our factual summary is taken from Officer Martin's testimony.

[2]     Officer Martin referred to appellant's companion as "Mr. [R.]." Appellant, in his testimony referred to his companion by the first name Brenden and the same last name as indicated by Officer Martin. The record does not reveal whether this person was an adult or juvenile.

2

got out of a car parked behind the officers' car and approached the officers on foot. Brenden was carrying a machete and appellant was "standing in an aggressive stance as if he was prepared to fight." Both officers "exited [their] vehicle, announced 'Bakersfield Police Department,' and [Martin] displayed [his] badge." Martin was wearing his badge around his neck.

At that point, appellant and Brenden turned and ran. Martin ran after appellant, and Martin and Williams said, "'Stop. Bakersfield Police Department.'" Appellant continued to run, at which point Officer Martin pulled his gun and he and Officer Williams, "gave the command again for them to stop and to get on the ground, at which point [appellant] complied."

*Defense Case*

Appellant testified to the following: As he approached the car in which Martin and Williams were sitting, he did not know they were police officers. He thought they were gang members "or just somebody snooping around the neighborhood." He and Brenden walked up to the car and saw that each of the occupants had a pistol in his lap. Appellant and Brenden then began to slowly walk away, at which point the two men got out of the car and began running toward appellant and Brenden. As they ran, appellant heard someone say, "'Bakersfield Police Department.'" "As soon as [appellant] heard that, [he] dropped to the ground" and put his hands flat on the ground.

## DISCUSSION

Following independent review of the record, we have concluded that no reasonably arguable legal or factual issues exist.

## DISPOSITION

The judgment is affirmed.

3